IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEBORAH FERRELL KENNEDY,[1]           §
                                      §
VS.                                   §   CIVIL ACTION NO.4:06-CV-584-Y
                                      §
                                      §
CHARLES J. BREIDENBACH, et al.        §

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate,
plaintiff/removing party Deborah Ferrell Kennedy's "notice of
removal" under the review provisions of 28 U.S.C. § 1915(e)(2)(B).
Kennedy initiated this suit under the in-forma-pauperis statute
while housed in the Dawson State jail in Dallas, Texas. She names
as "defendants," Charles J. Breidenbach, Betty Jameson, and State
Farm Insurance Co. (Notice of Removal; Style.)  By the "notice of
removal" filed in this Court, Kennedy seeks to remove to this Court
the declaration of heirship action filed in the County Court at Law
Number Three of Nueces County, Texas, cause number 43526-3, styled
as *In the matter of the estate of Charles Jeremiah Breidenbach,*.
(Notice of Removal at 1-2.)

An action filed in forma pauperis that lacks an arguable basis
in law should be dismissed under 28 U.S.C. § 1915.[2]  Under 28 U.S.C.
§ 1915(e)(2)(B), a district court retains broad discretion in
determining at any time whether an in-forma-pauperis claim should

_____

[1]Also known as Deborah Kennedy, Deborah Pierce, and Deborah Ferrell, and
formerly known as Deborah Breidenbach.

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e)
*requires* dismissal not only when an allegation of poverty is untrue or the action
is frivolous or malicious, but also when "the action . . . fails to state a
claim on which relief may be granted; or seeks monetary relief against a
defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and
(B)(West Supp. 2005).

be dismissed.[3] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of this suit, the Court concludes that it must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In her pleading entitled "notice of removal," Kennedy labels herself as a "Plaintiff;" she does not claim that she was a defendant in the state-court action, and copies of the state-court pleadings attached to such notice do not designate her as a defendant. But the right of removal provided by statute is only available to defendants, and a plaintiff may not remove an action from state court.[6]

Furthermore, Kennedy has not invoked this court's jurisdiction. Although she cites both 28 U.S.C. § 1441(a) and (b), her pleading does not support removal jurisdiction under either provision. Kennedy has not shown that this Court would have original jurisdiction over a state action for declaration of heirship, nor

---

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *see also Florance v. Taylor,* No.4:06-CV-212-R, 2006 WL 567936, at *1 (N.D.Tex. Mar. 7, 2006)("defendants are the only parties that may exercise the power of removal"); *Andrews v. Spicer*, No. 3:04-CV-1783-M, 2004 WL 2826396 *1 (N.D.Tex.2004) ("The removal statute does not give plaintiffs the power to remove cases to federal court and the Court will not ignore the will of Congress and create such a right.").

has she claimed that the parties meet the diversity-of-citizenship requirements[7] in order to satisfy removal jurisdiction under § 1441(a). Further, Kennedy has not alleged to have any claim or right arising under the Constitution, treaties of laws of the United States in this action, to invoke jurisdiction under § 1441(b). In short, Kennedy has not invoked this Court's jurisdiction, and this case must be dismissed.

As the Court concludes that it has no subject matter jurisdiction, this cases is DISMISSED WITH PREJUDICE to refiling in-forma-pauperis under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED September 6, 2006.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7]*See* 28 U.S.C. § 1332(a)(1)(West 1993 and West Supp. 2005)(general rule that parties must be citizens of different states).